**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1357-23

STEVEN DAIGNAULT,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and MUNICH RE AMERICA
SERVICES, INC.,

     Respondents.

_____

Submitted April 8, 2025 – Decided April 28, 2025

Before Judges Smith and Chase.

On appeal from the Board of Review, Department of Labor, Docket No. 286023.

Steven Daignault, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Achchana C. Ranasinghe, Deputy Attorney General, on the brief).

PER CURIAM

Claimant Steven Daignault appeals from a final agency decision of the Board of Review of the Department of Labor ("Board") determining he was ineligible for certain unemployment benefits he received and ordering him to refund the sum paid to him. We affirm.

Daignault began working for Munich Re America Services Inc. ("Munich") in 2015. His last day of employment was May 20, 2021. He filed a claim for unemployment benefits and received benefits totaling $14,620 for the weeks between May 29, 2021, through the week ending on October 9, 2021, under the New Jersey's Unemployment Compensation Law ("UCL"), N.J.S.A. 43:21-1 to -71.

In a December 2021 notice of determination, Daignault was informed by the Division of Unemployment Insurance that he was disqualified from receiving UCL benefits because he voluntarily left work without good cause. Along with the notice of determination, Daignault was ordered to refund the benefits he improperly received. He was also informed that he was not eligible for Pandemic Unemployment Assistance ("PUA") under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), 15 U.S.C. §§ 9001-9141 as

his unemployment was not attributable to a qualifying reason[1]. He appealed these decisions to the Appeal Tribunal.

The Tribunal conducted a telephonic hearing on July 6, 2022. At that hearing, Daignault testified that he served as one of Munich's Information Technology Strategists. He stated he "resigned because [his] job ha[d] changed substantially over a period of time." He claimed he lacked the skills necessary to take on the responsibilities the new manager wanted to give him. Thus, Daignault felt that his responsibilities had been reduced.

Daignault also testified that, despite the changes to his responsibilities, Munich did not reduce or otherwise change his salary. On the contrary, Daignault asserted that Munich paid him "way too much to do nothing" and he was too "professional and ethical" to continue to "take money for nothing." He also commented that he continued to get "great reviews" from Munich. According to Daignault, Munich was "really a great company" and he testified that he had "no reason to leave" Munich.

Kelly Mulholland, the Human Resource Business Partner at Munich, also testified at the hearing. Mulholland confirmed that Daignault's job was never in

---

[1] The PUA program provides temporary benefits (up to thirty-nine weeks) to workers who have lost work for certain COVID-19 related reasons.

A-1357-23

jeopardy, and had Daignault not left his job he could have continued working at Munich. According to Mulholland, Daignault always met or exceeded the expectations of the tasks and responsibilities of his role and Daignault never expressed any concerns about not having enough to do.

Following the hearing, the Tribunal issued an initial decision affirming the determination that Daignault did not qualify for regular benefits under N.J.S.A. 43:21-5(a) because he left work voluntarily without good cause attributable to his job. Further, the Tribunal determined that Daignault "did not demonstrate that he was subject to adverse or abnormal working conditions and had received benefit payments he was not entitled to." The Tribunal thus found he was liable to refund the benefits he had received in accordance with N.J.S.A. 43:21-16(d). Moreover, the Tribunal affirmed that he was not eligible for PUA benefits under the CARES Act.

Daignault then appealed the Tribunal's initial decision to the Board. On November 16, 2023, the Board affirmed. The Board found that Daignault left his job at Munich voluntarily without good cause attributable to that job. The Board agreed with the Tribunal that Daignault did not meet the criteria to receive PUA benefits. For these reasons, the Board issued a final administrative

4

decision ordering Daignault to return $14,620 in unemployment benefits he had received. This appeal followed.

"We review a decision made by an administrative agency entrusted to apply and enforce a statutory scheme under an enhanced deferential standard." E. Bay Drywall, LLC v. Dep't of Lab. & Workforce Dev., 251 N.J. 477, 493 (2022). We defer to an agency's interpretation of statutes and regulations "within the sphere of [its] authority, unless the interpretation is plainly unreasonable." Ibid. (quoting In re Election L. Enf't Comm'n Advisory Op. No. 01–2008, 201 N.J. 254, 262 (2010)) (internal quotation marks omitted). Accordingly, "we will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Sullivan v. Bd. of Rev., Dep't of Lab., 471 N.J. Super. 147, 155-56 (App. Div. 2022) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

"[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997) (quoting Charatan v. Bd. of Rev., 200 N.J.

Super. 74, 79 (App. Div. 1985)).  Additionally, we afford "[w]ide discretion …

to administrative decisions because of an agency's specialized knowledge."  In

re Request to Modify Prison Sentences, 242 N.J. 357, 390 (2020).  "The burden

of proving that an agency action is arbitrary, capricious, or unreasonable is on

the challenger."  Parsells v. Bd. of Educ., 472 N.J. Super. 369, 376 (App. Div.

2022).

The UCL was enacted "to further an important public policy:  alleviating

the burden of involuntary unemployment, a burden that 'now so often falls with

crushing force upon the unemployed worker and his family.'"  Ardan v. Bd. of

Rev., 231 N.J. 589, 601 (2018) (quoting N.J.S.A. 43:21-2).

The UCL provides that an individual shall be disqualified from receiving

unemployment benefits:

> For the week in which the individual has left work
> voluntarily without good cause attributable to such
> work, and for each week thereafter until the individual
> becomes reemployed and works eight weeks in
> employment . . . and has earned in employment at least
> ten times the individual's weekly benefit rate, as
> determined in each case.
>
> [N.J.S.A. 43:21-5(a).]

Department regulations define "good cause attributable to such work" as

"a reason related directly to the individual's employment, which was so

compelling as to give the individual no choice but to leave the employment." N.J.A.C. 12:17-9.1(b). Courts have interpreted "good cause" to mean "cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." Brady, 152 N.J. at 214 (quoting Domenico v. Bd. of Rev., 192 N.J. Super. 284, 287 (App. Div. 1983)). Therefore, a claimant who "'left work voluntarily without good cause attributable to such work'" is "disqualified from receiving benefits." Ardan, 231 N.J. at 602 (quoting N.J.S.A. 43:21-5(a)).

We first consider Daignault's argument that he is entitled to a remand because the Board did not follow regulations, rules, and processes under the Administrative Code. Specifically, he claims that information provided by him when he initially made his unemployment claim was not considered by the Division when issuing the notice of determination that Daignault was disqualified from receiving benefits. The record shows that when Daignault provided that information as part of his claim for unemployment benefits, he was told that the information had been received and that it would be reviewed by a claims examiner before the issuance of a determination. Daignault's assumption that this information was then subsequently ignored by the Division in issuing his notice of determination is not supported by the record.

Daignault also posits that certain initial communications he had with the Division, all of which happened prior to the issuance of the notice of determination, should have been considered by the Tribunal. However, the communications referenced by Daignault, as supplemented to the record on appeal, are immaterial; they mostly consist of inquiries and updates regarding the status of his claim.

The documents referenced by Daignault have no bearing on the question the Tribunal was tasked with addressing on appeal: Whether Daignault voluntarily left his job at Munich without good cause attributable to that job. Indeed, the information in these additional documents merely confirms the testimony Daignault provided in the hearing—that he voluntarily left his employment because of a "Change in Job Duties/Parameter." These additional documents evince that Daignault could not "perform program management tasks," that the people "doing [his] tasks weren't including [him]," and that "no new tasks were given" to him. Here, the Board's determination is wholly in accord with governing law and amply supported by substantial credible evidence in the record. Since Daignault was properly disqualified for benefits, he was not entitled to the benefits he received. Thus, he is liable under N.J.S.A. 43:21-16(d) to refund the benefits received.

A-1357-23

Daignault is also ineligible to receive PUA benefits. Under Section 2102(a)(3)(A)(ii)(I) of the CARES Act, individuals can only receive PUA benefits if they are unemployed, partially unemployed, or unable or unavailable to work due to one of the several specifically delineated COVID-19-related reasons. But Daignault did not leave his job for any of the reasons established in Section 2102(a)(3)(A)(ii)(I) and made no mention of any such reason during his hearing.

Finally, Daignault argues for the first time on appeal that he could not return to Munich's headquarters in Germany after February 2020. However, this court "'will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)). This issue was not raised below, and it is not jurisdictional in nature, nor does it substantially implicate the public interest. For completeness' sake, we comment briefly. The record shows he remained employed at Munich for fifteen months after February 2020, before he decided to leave.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9

A-1357-23